**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109712

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NELLY SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

NELLY SANCHEZ (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against GC SERVICES LIMITED PARTNERSHIP (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Houston, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letters dated March 6, 2015, and March 7, 2015.  ("Exhibit 1.")

14. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's letter violated the FDCPA.

### FIRST COUNT
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. The written notice must contain the amount of the debt.

19. The written notice must contain the name of the creditor to whom the debt is owed.

20. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

21. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

22. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

24. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

25. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

26. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

27. Demanding payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

28. Demanding payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

debt is a violation of the FDCPA.

29. Defendant has demanded Plaintiff make payment during the validation period.

30. Defendant's first letter is dated March 6, 2015.

31. Defendant's second letter is dated March 7, 2015.

32. Defendant's March 7, 2015, letter states that Plaintiff must make payment within fourteen (14) days.

33. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

34. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

35. Defendant's demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

36. Defendant's demand for payment would likely make the least sophisticated consumer confused as to her rights.

37. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

40. 15 U.S.C. § 1692g(a)(3) requires that the written notice "contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

41. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

42. Even if a debt collector conveys the required information, the debt collector

nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

43. When determining whether the required information has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

44. Both of Defendant's letters contain the same "notice."

45. The notice states, "UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES." (Emphasis in original.)

46. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the least sophisticated consumer to believe there was a prior initial written communication from Defendant prior to March 6, 2015.

47. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) in both letters would confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt.

48. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

49. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer uncertain as to her rights.

50. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to her rights.

51. Defendant has violated § 1692g as the above-referenced language overshadows

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the information required to be provided by that Section.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

55. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

56. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

57. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

58. The least sophisticated consumer would likely be deceived by Defendant's conduct.

59. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

60. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)
### Validation of Debts

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain, "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

63. Defendant's letter to Plaintiff is written in Spanish.

64. Defendant's letter fails to advise Plaintiff that Plaintiff's notification to the debt collector must be in writing, as required by 15 U.S.C. § 1692g(a)(4).

65. Defendant's letter fails to advise Plaintiff that Plaintiff's notification to the debt collector, to trigger the debt collector's duty to obtain verification of the debt, must be in writing.

66. Defendant's letter would likely make the least sophisticated consumer uncertain as to her rights.

67. Defendant's letter would likely make the least sophisticated consumer confused as to her rights.

68. Defendant's letter would likely make the least sophisticated consumer believe that her demand for verification need not be in writing.

69. Defendant's letter would likely make the least sophisticated consumer believe that her demand for verification need not be in writing, thereby frustrating her ability to seek verification of the debt.

70. Defendant has violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e**

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

72. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

74. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

75. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

76. Defendant's letter fails to advise Plaintiff that Plaintiff's notification to the debt collector, to trigger the debt collector's duty to obtain verification of the debt, must be in writing

77. Defendant's failure to advise Plaintiff that Plaintiff's notification to the debt

7

collector, to trigger the debt collector's duty to obtain verification of the debt, must be in writing as required by 15 U.S.C. § 1692g(a)(4), is a false, deceptive, and misleading representation or means in connection with the collection of any debt

78. The least sophisticated consumer would likely be deceived by Defendant's conduct.

79. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

80. The least sophisticated consumer would likely be deceived into believing that her demand for verification need not be in writing, thereby frustrating her ability to seek verification of the debt.

81. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

82. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: February 1, 2016

       **BARSHAY SANDERS, PLLC**

       By: _/s/ Craig B. Sanders_____
       BARSHAY SANDERS, PLLC
       100 Garden City Plaza, Suite 500
       Garden City, New York 11530
       Tel: (516) 203-7600
       Fax: (516) 706-5055

        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 109712

BARSHAY | SANDERS, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

9